IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH A. KURTZ,<br><br>Plaintiff,<br><br>vs.<br><br>CHERIE BINDER, and VERNON CHANDLER,<br><br>Defendants. | **8:26CV666**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Joseph A. Kurtz filed a Complaint on October 29, 2026. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a non-prisoner pro se litigant, filed his Complaint against Defendants Cherie Binder and Vernon Chandler. Plaintiff utilized the Form Pro Se 1 Complaint for a Civil Case, but the form Complaint is largely blank apart from the identifying information for Plaintiff and Defendant, which includes Nebraska mailing addresses for all parties, and a check mark indicating that "Federal question" is the basis for federal court jurisdiction in this case with a notation of "open" in the space provided for listing the specific federal laws at issue. Filing No. 1 at 1–3. Plaintiff alleges nothing else in the Complaint; both the spaces provided for his "Statement of Claim" and "Relief" are blank. Filing No. 1 at 4.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. ANALYSIS

Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). The Complaint contains no claims for relief whatsoever, and it is entirely unclear why Plaintiff filed this action.

Moreover, the Complaint's allegations fail to establish the Court's subject-matter jurisdiction. A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the

court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction may be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). There is no discernible "federal question" alleged in the Complaint as Plaintiff has failed to allege any claims. Additionally, the Complaint's allegations fail to establish the Court's subject-matter jurisdiction under 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, which requires that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). Plaintiff and one of the Defendants are alleged to be citizens of Nebraska so diversity is lacking.

Lastly, Plaintiff has another case pending in this Court against the same Defendants at Case No. 8:26CV240, which awaits initial review. *See* Filing No. 1, Case No. 8:26CV240. Accordingly, the Court will dismiss this action without prejudice for failure to state a claim and because it is frivolous and duplicative of Case No. 8:26CV240. *See Sutton v. USA Gov't*, No. 8:21CV106, 2021 WL 3260844 (D. Neb. May 10, 2021) (summarily dismissing complaint as frivolous where complaint form was "completely blank" apart from case caption, plaintiff's address, and signature); *Kriz v. 12th Judicial Dist Bd of Mental Health of Box Butte Cnty.*, No. 4:05 CV 3253, 2005 WL 2563040, at *1 (D. Neb. Oct. 11, 2005) ("plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir.2000))); *see also Missouri ex rel. Nixon v. Prudential*

*Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint, Filing No. 1, is dismissed without prejudice because it is frivolous and fails to state a claim upon which relief may be granted.

2. The Court will enter judgment by a separate document.

Dated this 3rd day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge